UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-1 DEVON MORGAN,<br>D-2 DERWIN ANDREWS,<br>D-3 CORTIYAH MOORE,<br><br>Defendants.<br>_____/ | Case No. 22-cr-20114<br><br>HON. THOMAS L. LUDINGTON<br>United States District Judge<br><br>VIOLATIONS:<br>21 U.S.C. § 846<br>21 U.S.C. § 841<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 2<br>18 U.S.C. § 922(g)(1) |

FILED
JUL 20 2022
U.S. DISTRICT COURT
FLINT, MICHIGAN

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
**Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances**
**(21 U.S.C. §§ 846 and 841(a)(1))**

D-1 DEVON MORGAN
D-2 DERWIN ANDREWS
D-3 CORTIYAH MOORE

That from on or about sometime in September, 2021, up to and including September 27, 2021, said dates being approximate, in the Eastern District of Michigan, DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE, defendants herein, did knowingly and voluntarily conspire and agree

with each other and with others unknown to the Grand Jury, to possess with intent to distribute and to distribute Controlled Substances, to-wit: a mixture or substance containing detectable amount of Fentanyl, and a mixture or substance containing a detectable amount of Cocaine Base (commonly called "crack cocaine") in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C).

## Manner and Means

Among the means by which the defendants would carry out the aforesaid conspiracy were the following:

1. Defendants DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE would obtain quantities of illegal Controlled Substances, Fentanyl and Cocaine Base, for the purpose of sales and distribution to drug purchasers.

2. Defendants DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE would arrange to have a third party rent a vehicle for them to transport illegal controlled substances for the purpose of distribution and sale. The vehicle would be a rental in the name of a third party to avoid law enforcement detection.

3. Defendants DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE would deliver the Fentanyl and Cocaine Base ("crack") to

purchasers and obtain cash in return.

4. In furtherance of their drug trafficking, Defendants DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE would possess firearms in the rental vehicle to protect themselves, their illegal drugs and their cash drug proceeds from would-be thieves including other drug traffickers and drug purchasers.

5. That the firearm possessed by Defendants DEVON MORGAN and DERWIN ANDREWS, in furtherance of their drug trafficking activities was intentionally equipped with a switch which converted their semi-automatic firearm into fully automatic firearm technically recognized as a machine gun, with a high-capacity magazine.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
**Possession With Intent to Distribute Controlled Substances/Aiding and Abetting**
**(21 U.S.C. § 841(a)(1)/18 U.S.C. § 2)**

D-1 DEVON MORGAN
D-2 DERWIN ANDREWS
D-3 CORTIYAH MOORE

On or about September 27, 2021, in the District of Michigan, DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE, defendants herein, did knowingly and intentionally possess with intent to distribute illegal Controlled

Substances, to-wit a mixture or substance containing a detectable amount of illegal controlled substances, to-wit:

1.) A mixture or substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, commonly known as Fentanyl, to-wit: approximately 3.94 grams of Fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vi).

2.) A mixture or substance containing a detectable amount of Cocaine Base, commonly called "crack cocaine," to-wit: approximately 2.62 grams of Cocaine Base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C),

and did aid and abet one another in said unlawful enterprise in violation of Title 18 United States Code, Section 2.

## COUNT THREE
**Possession of a Firearm During the Commission of a Drug Trafficking Crime/Aiding and Abetting**
**(18 U.S.C. § 924(c)(1)(A) and (B)(ii)/18 U.S.C. §2)**

D-1 DEVON MORGAN
D-2 DERWIN ANDREWS

On or about September 27, 2021, in the Eastern District of Michigan,

DEVON MORGAN and DERWIN ANDREWS, defendants herein, knowingly

4

possessed a firearm, to-wit: one Glock Model 21, .45 caliber handgun, modified with a switch to enable it to fire automatically, and equipped with a 40-round drum magazine, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, specifically, conspiracy to possess with intent to distribute and to distribute controlled substances, and possession with intent to distribute a controlled substance as alleged in Counts One and Two of this Indictment, in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii), and did aid and abet one another in said unlawful enterprise, in violation of 18 U.S.C. § 2.

## COUNT FOUR
**Felon in Possession of a Firearm**
**(18 U.S.C. § 922(g)(1))**

D-1 DEVON MORGAN

On or about September 27, 2021, in the Eastern District of Michigan, DEVON MORGAN, defendant herein, having been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of a felony, did knowingly possess a firearm—that is, one Glock Model 21, .45 caliber handgun, modified with a switch to enable it to fire automatically, and equipped with a 40-round drum magazine which firearm had previously traveled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

## COUNT FIVE
### Felon in Possession of a Firearm
### (18 U.S.C. § 922(g)(1))

D-2 DERWIN ANDREWS

On or about September 27, 2021, in the Eastern District of Michigan, DERWIN ANDREWS, defendant herein, having been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of a felony, did knowingly possess a firearm—that is, one Glock Model 21, .45 caliber handgun, modified with a switch to enable it to fire automatically, and equipped with a 40-round drum magazine which firearm had previously traveled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

## COUNT SIX
### Possession of a Firearm During the Commission of a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A))

D-3 CORTIYAH MOORE

On or about September 27, 2021, in the Eastern District of Michigan, CORTIYAH MOORE, defendant herein, knowingly possessed a firearm, to-wit one Glock Model 19, 9mm caliber handgun, equipped with an extended, high-capacity magazine, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, conspiracy to possess with

6

intent to distribute and to distribute controlled substances, and possession with intent to distribute a controlled substance as alleged in Counts One and Two of this Indictment, in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT SEVEN
### Felon in Possession of a Firearm
### (18 U.S.C. § 922(g)(1))

D-3 CORTIYAH MOORE

On or about September 27, 2021, in the Eastern District of Michigan, CORTIYAH MOORE, defendant herein, having been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of a felony, did knowingly possess a firearm—that is, one Glock Model 19, 9 mm caliber handgun, equipped with an extended, high-capacity magazine, which firearm had previously traveled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 21 U.S.C. § 853

The allegations contained in Counts One through Seven of this Indictment are hereby re-alleged for purposes of alleging forfeiture pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853.

Pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and/or 21 U.S.C. § 853, upon conviction of the offenses set forth in Counts One through

Seven, the Defendants DEVON MORGAN, DERWIN ANDREWS, and CORTIYAH MOORE, shall forfeit to the United States any firearms and ammunition involved in or used in the commission of the offense, including, but not limited to the Glock Model 21, .45 caliber handgun, modified with a switch to enable it to fire automatically, and equipped with a 40-round drum magazine, and the Glock Model 19, 9mm caliber handgun, equipped with an extended, high-capacity magazine, and any ammunition contained within the firearms.

Pursuant to 21 U.S.C. § 853, upon conviction of the offense set forth in Counts One and Two, the defendants, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**THIS IS A TRUE BILL.**

s/*Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

s/*Anthony P. Vance*
ANTHONY P. VANCE
Assistant United States Attorney
Chief, Branch Offices

**Dated: July 20, 2022**

s/*J. Michael Buckley*
J. MICHAEL BUCKLEY
Assistant United States Attorney
Deputy Chief, Branch Office
101 First Street, Suite 200
Bay City, Michigan 48708
Telephone: (989) 895-5712
email: Michael.buckley@usdoj.gov

9

**Companion Case information MUST be completed by AUSA and initialed**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>22-cr-20114 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes      X No | AUSA's Initials:   JMB   *JMB* |

**Case Title:** USA v. Devon Morgan et al

**County where offense occurred:** Saginaw County

**Check One:**   X **Felony**    ☐ **Misdemeanor**    ☐ **Petty**

```
_____Indictment/_____Information ---  no prior complaint.
_____Indictment/_____Information ---  based upon prior complaint [Case number:]
  x  Indictment/_____Information ---  based upon LCrR 57.10 (d) [Complete Superseding section below].
```

## Superseding Case Information

**Superseding to Case No: 22-cr-20114**      **Judge:**   Ludington

X   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

Date: July 20, 2022

s/J. Michael Buckley
J. Michael Buckley
Assistant United States Attorney
Deputy Chief, Branch Office
101 First Street, Suite 200, Bay City, MI 48708
Phone: 989-895-5712
Fax: 989-895-5790
E-Mail address: Michael.buckley@usdoj.gov
Attorney Bar #: P-36167

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.