UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:22-cr-20114-3

v.                                      Honorable Thomas L. Ludington
                                          United States District Judge

CORTIYAH MOORE,

        Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO SEVER COUNT VII FROM INDICTMENT, AND SUSTAINING IN PART DEFENDANT'S OBJECTION TO ADMISSION OF TWO PRIOR ARRESTS WITHOUT PREJUDICE**

On September 27, 2021, Michigan State Police stopped a car for traffic violations. Defendant Cortiyah Moore was in the back seat. The driver said he did not have a license and that the car was a rental, so the police searched him and the car. They found $4,500.00 cash in the driver's pocket and a Glock 21 handgun equipped with a 40-round drum magazine in the front-center console. Under the gun were two bags of suspected fentanyl, heroin, and crack.

Facing five other charges for the same incident, Defendant has filed a motion to sever the felon-in-possession charge from his indictment. He also objects to the Government's notice of intent to admit evidence of his 2019 arrest in Ogemaw County for selling crack and his 2020 arrest for recklessly discharging a firearm at the scene of a double homicide in Saginaw County.

The questions at issue are whether presenting evidence to the jury that Defendant is a convicted felon would be unfairly prejudicial under Federal Rule of Criminal Procedure 14 and whether the prior arrests are admissible for a noncharacter purpose.

I.

In September 2022, Defendant Cortiyah Moore was indicted on six counts as follows: one count of conspiracy to possess with intent to distribute and to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846; one count of possession with intent to distribute controlled substances/aiding and abetting, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1); one count of possessing a firearm during the commission of a drug-trafficking crime/aiding and abetting, 18 U.S.C. §§ 2, 924(c)(1)(A), (B)(ii); one count of possessing a firearm during the commission of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). ECF No. 48.

Twenty-seven days later, he filed a motion to sever the latter charge (Count VII) from his indictment, ECF No. 52, and he objected to the Government admitting the evidence of his two prior arrests at trial, ECF No. 53. The Government opposes both motions. *See* ECF Nos. 54; 55.

As explained hereafter, Defendant's Motion to Sever will be granted in part, his first objection will be overruled without prejudice, and his second objection will be sustained without prejudice.

II.

Defendant contends that trying Count VII with his other charges would "erode[] the presumption of innocence" by "inform[ing] the trier of fact that [he] has a prior criminal record for a felony," which "will result in a miscarriage of justice." ECF No. 52 at PageID.151. The Government responds that Defendant's Motion to Sever should be denied because (1) "there is little or no danger of 'spill-over' prejudice," and (2) it would serve "the interests of judicial economy." ECF No. 54 at PageID.171 (cleaned up). The parties do not dispute proper joinder, only whether Count VII would prejudice Defendant such that it should be tried separately.

### A.

An indictment "may charge a defendant in separate counts with 2 or more offenses" only if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a).

Yet, if joinder of multiple counts "appears to prejudice a defendant," then the court may try the counts separately "or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *United States v. Stinson*, 761 F. App'x 527, 529 (6th Cir. 2019) (unpublished) (quoting *United States v. Tran*, 433 F.3d 472, 478 (6th Cir. 2006)).

"In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *Id.* (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)); *accord Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017) (citations omitted).

### B.

Defendant has shown prejudice that would be compelling, specific, and actual. He wants to sever a felon-in-possession charge due to the spill-over effects of the required evidence: that he is a felon. It takes no stretch of the imagination to understand why a reasonable juror might find it difficult to pry a felony conviction from the mind while contemplating six other felony convictions. *See United States v. Copeland*, 14 M.J. 835, 836 (A.F.C.M.R. 1982) (per curiam) ("In actuality, it stonewalls legitimate analysis with the observation that 'once a thief, always a thief.'"); *see also* Bob Rouder, Note, *Mediating the Professional Paradox: An Application of the Aggregate Idiot Phenomenon*, 80 TEX. L. REV. 671, 702 n.69 (2002) ("Once a thief, always a thief is not good law.").

Yet trying the counts together would promote judicial economy. The purpose of joinder is "to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983); *accord United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987). The Government has explained how all six counts involve "the same witnesses and evidence," *see* ECF No. 54 at PageID.168–70, 174, which Defendant has not contested, *see generally* ECF No. 52. The intertwining evidence and "significant overlap of [] witnesses presented on each offense" justify joinder here. *Tran*, 433 F.3d at 478.

Thus, Defendant's Motion to Sever Count VII of the Indictment will be granted in part. Although all the counts will be tried together, the "felon" element of Count VII will be tried after the jury decides all other issues in the case. To that end, the Government may not identify Defendant as a felon, including through characterizations of Count VII or its statutory basis. This solution strikes the proper balance of the interest of defendant, justice, and judicial economy.

### III.

Defendant has also filed an objection to the Government's 404(b) notice to include (1) Defendant's August 5, 2019 arrest "for the sale of 23 grams of crack cocaine in Ogemaw County" and (2) Defendant's September 27, 2021 arrest "for the offense of Reckless Discharge of a Firearm occurring July 19, 2020." ECF No. 53 at PageID.160. In sum, Defendant argues both charges are inadmissible character evidence.

The Government responds that the first arrest is admissible to prove Defendant's "specific intent" and knowledge as relevant "to Counts One and Two, a crack and Fentanyl conspiracy, and possession with intent to distribute crack and Fentanyl." ECF No. 55 at PageID.179. The Government adds that the second arrest is admissible to prove Defendant's "identity as possessor

of the 9 mm Glock 19 at his feet in the back seat, and to rebut a claim of "mere presence."[1] *Id.* at PageID.179–80.

### A.

With reasonable notice in a criminal case, "[e]vidence of any other crime, wrong, or act . . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b).

In deciding whether to admit evidence under Rule 404(b), the district court applies a three-step analysis. *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012). First, the court must find, based on sufficient evidence, that the other act in question actually occurred. *Id.* The court next decides whether the evidence is probative of a material issue other than character. *Id.* Then the court determines whether any unfair prejudice generated by the other-act evidence substantially outweighs its probative value. *Id.*

Defendant acknowledges that both arrests and their underlying facts actually occurred. *See* ECF No. 53 at PageID163–64 (acknowledging that the "prior sale made by [Defendant] to an undercover officer on August 5, 2019 of 23 grams of crack cocaine. . . . was a sale made by [Defendant] himself"); *id.* at PageID.165 ("On July 19, 2020, approximately a year and three months before the stop of Mr. Morgan's car, [Defendant] was in possession of a firearm and discharged it at a crowd of people.").

Thus, the only remaining questions are whether Defendant's two prior arrests are probative of a material, noncharacter issue and whether the probative value is substantially outweighed by any unfair prejudice.

---

[1] Defendant's Motion reveals the potential defense at trial that he was merely present in the car. *See* ECF No. 53 at PageID.159 ("[Defendant], after being advised of his rights, told the troopers he was receiving a ride home from Mr. Morgan.").

**B.**

According to Defendant, he sold "23 grams of crack cocaine" to an undercover officer on August 5, 2019. ECF No. 53 at PageID.163. He adds that "[i]t was an isolated incident two years prior to" the traffic stop underlying his current indictment. *Id.* at PageID.163–64. He argues the August 2019 arrest "is not sufficiently similar to" the underlying charges and does not "establish a pattern of behavior," because (1) there is no evidence that it "was part of a conspiracy," (2) his two codefendants were not present at that sale, and (3) it is not "relevant to the money found in Mr. Morgan's pocket, the drugs found in the console of the car he was operating, nor the drugs found in Mr. Andrews'[s] pocket." *Id.* at PageID.164. He concludes that the same analysis applies to Count VI because he was not armed during the August 2019 incident. *Id.*

Defendant's August 2019 arrest is probative of his intent and plan to engage in a conspiracy to sell crack cocaine. The Government's offers the August 2019 arrest "as proof of [Defendant's] intent and plan concerning the crack cocaine conspiracy." ECF No. 55 at PageID.180. Because Defendant pleaded not guilty to conspiracy, which is a specific-intent crime, the August 2019 arrest is probative of them. *See United States v. Love*, 254 F. App'x 511, 515 (6th Cir. 2007) (citations omitted), *aff'd*, 550 F. App'x 286 (6th Cir. 2014).

In addition to being offered for a proper purpose, to be admissible under Rule 404(b) a prior bad act must be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (internal quotation marks omitted). If the evidence is being offered for the purpose of showing intent, then it "need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988) (finding evidence of prior acceptance of bribes involving bootlegging to be substantially similar

to the charge of acceptance of money to protect drug dealers); *see also United States v. Beamus*, 110 F. App'x 513, 516 (6th Cir. 2004) (unpublished) (explaining that "substantially similar" does not require identical factual circumstances).

Defendant's August 2019 arrest is substantially similar to the arrest in this case because both involve possession and trafficking of the same drug: crack cocaine. *Cf. Love*, 254 F. App'x at 516 (holding that "[i]n the specific context of drug trafficking, . . . a prior drug conviction" is "substantially similar" if involves "possession and trafficking" of the same drug (quoting *United States v. Miller*, 227 F. App'x 446, 459 (6th Cir. 2007))). And the two-year gap does not change the analysis.

Any unfair prejudice of the August 2019 arrest would not substantially outweigh its probative value. Apart from citing the standard of review, Defendant has not offered a substantive argument as to the prejudicial effect of his August 2019 arrest as relevant to its probative value. *See generally* ECF No. 53. The Government, however, contends that "[e]vidence of [Defendant's] August 2019 possession and distribution of crack is not inflammatory or graphic, and cannot seriously be argued to be unduly prejudicial in a drug conspiracy trial." ECF No. 55 at PageID.183. Of course, Defendant's prior arrest would cause some prejudice. But, based on the parties' arguments, nothing demonstrates that it would "substantially outweigh" the probative value of Defendant's specific intent to engage in a conspiracy to distribute crack cocaine.

For these reasons, Defendant's first objection will be overruled without prejudice. The August 2019 arrest is admissible to prove Defendant's specific intent to engage in a conspiracy to distribute crack cocaine. Defendant may request a limiting instruction to that effect. *See* FED. R. EVID. 105.

## C.

According to Defendant, on July 19, 2020, he "was in possession of a firearm and discharged it at a crowd of people" after "shots killed his brother and another individual." ECF No. 53 at PageID.165. Although he "removed the firearm from the car and was shooting in the area," he adds, "[i]t was use of a weapon during an emergency situation." *Id.* That arrest was dismissed *nolle prosequi*, *id.*, meaning the prosecutor formally dropped the charges, *see* Andrew P. Cohen, Note, *The Lynching of James Scales: How the F.B.I., the DOJ, and State Authorities "Whitewashed" Racial Violence in Bledsoe Count, Tennessee*, 19 TEX. J. C.L. & C.R. 285, 334 n.330 (2014) (citing *Nolle prosequi*, BLACK'S LAW DICTIONARY 1147 (9th ed. 2009)).

The July 2020 incident proves nothing in this case. The Government offers the July 2020 incident as proof of Defendant's identity "as the individual who possessed the Glock 19, 9mm handgun located at his feet on the backseat floor of the vehicle, and to rebut his 'mere presence' or 'victim of circumstance' defense." ECF No. 55 at PageID.185. But "[t]his case d[oes] not present any issue of absence of mistake or identity" because Defendant's arguments merely amount to him denying possession[2] of the firearm by denying knowledge of it. *United States v. Wheeler*, 349 F. App'x 92, 97 (6th Cir. 2009) (unpublished). Even so, Defendant was not a felon, dealing drugs, or illegally possessing a firearm during the July 2020 incident. And the Government has not even attempted to argue that the firearms, bullets, or circumstances were the same as in Defendant's current charges. *See generally* ECF No. 55. Without any such evidence, it is unreasonable to assume that Defendant's prior use of a firearm makes it more likely that he

---

[2] Possession of firearm by a felon requires that the defendant possession was "knowingly," meaning "voluntarily and intentionally, and not because of mistake or accident." *United States v. Odom*, 13 F.3d 949 (6th Cir. 1994). *See generally* Sixth Circuit Pattern Jury Instructions § 12.01(2)(C) (2022).

possessed a firearm 435 days later—even more so because the law prohibited the later possession. *Agarwal v. Morbarck, LLC*, No. 1:20-CV-12150, 2021 WL 5999255, at *3 (E.D. Mich. Dec. 20, 2021) ("With all the injustices in today's world, it can be easy to assume the worst in others. But we would all benefit from a bit more grace."), *aff'd sub nom. Agarwal v. Morbark, LLC*, No. 2022-1348, 2022 WL 2092774 (Fed. Cir. June 10, 2022).

For these reasons, Defendant's second objection will be sustained without prejudice. Consequently, the Government may not admit or discuss any of the circumstances of the July 19, 2020, incident, including the related arrest.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Sever Count VII of the Indictment, ECF No. 52, is **GRANTED IN PART** and **DENIED IN PART**. Although all the counts will be tried together, the "felon" element of Count VII will be tried after the jury decides all other issues in the case. To that end, during trial the Government may not mention that Defendant is a felon in any way—including by discussing Count VII or its statutory basis—until further order of this Court.

Further, it is **ORDERED** that Defendant's Objection, ECF No. 53, is **SUSTAINED IN PART** and **OVERRULED IN PART**. Defendant's Objection is **SUSTAINED WITHOUT PREJUDICE** to the extent that it seeks to exclude evidence of his July 19, 2020, arrest. Defendant's Objection is **OVERRULED WITHOUT PREJUDICE** in all other regards.

Dated: September 16, 2022 s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge